## SOUTH SIDE BANK & TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9226.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 18, 1946.

Decided Dec. 10, 1946.

L. E. Renard, of Scranton, Pa. (T. A. Donahoe, of Scranton, Pa., on the brief), for petitioner.

S. Dee Hanson, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen. and A. F. Prescott, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before GOODRICH and KALODNER, Circuit Judges, and MADDEN, District Judge.

GOODRICH, Circuit Judge.

This case involves alleged deficiencies in taxpayer's corporate income taxes for the taxable years 1940-1941. The Tax Court decided against the petitioner (6 T.C. 965) and the case is brought here on petition for review.

The facts were stipulated between the parties and found by the Tax Court. South Side Bank and Trust Company is a Pennsylvania banking corporation with its place of business in Scranton, Pennsylvania. In 1929 the Dollar State Bank and Trust Company (hereafter called Dollar Bank) was likewise a Pennsylvania banking corporation having its place of business in Scranton, Pennsylvania. In November of that year the Pennsylvania Department of Banking threatened to · close the Dollar Bank. Following negotiations among the Dollar Bank, Scranton Clearing House, the taxpayer and representatives of the Pennsylvania Department of Banking, an agreement was entered into November 18, 1929. By this agreement Dollar Bank transferred to the taxpayer all of its assets. The taxpayer guaranteed the payment in full of all deposits made with Dollar Bank as well as certain bills payable. It was agreed that there should be no liability on the part of petitioner to the stockholders of Dollar Bank by reason of their ownership of such stock, but that petitioner would pay to Dollar Bank or its liquidating trustees any surplus realized from its assets over and above the bills payable and the deposits guaranteed by taxpayer. Dollar Bank, as a corporation, and its Directors, in their individual capacity, guaranteed to the taxpayer payment of any deficit which might be incurred if the sale of the transferred assets did not bring enough to re-imburse taxpayer for the liabilities it assumed. It was agreed, also, that the taxpayer should be subrogated to any claim of the depositors or creditors against the stockholders of Dollar Bank.

Pursuant to this agreement, petitioner took over all the assets of Dollar Bank. In 1940, and again in 1941, a charge-off of $15,000 for estimated loss on the liquidation of Dollar Bank assets was made by the taxpayer in accordance with directions from the State Banking Department. For these two items the taxpayer claimed a bad debt deduction in 1940 and 1941, respectively, under the statute and the relevant regulations.[1] This the Commissioner disallowed.

The arguments for both Government and taxpayer state that the taxpayer became, under the terms of the agreement, a liquidating trustee or agent for the Dollar Bank. We do not see how the amounts written off, as described above, in 1940 and 1941 possibly constitute a bad debt deduction for the taxpayer in those years. The taxpayer lost nothing by this write-off. At this time the liquidation of the Dollar Bank had not proceeded to completion. If the assets received from it by the taxpayer came to more than the deposits and the bills payable, the terms of the agreement bound the taxpayer to turn over the excess to the Dollar Bank or its liquidators. If they came to less the taxpayer had recourse: (1) to the corporate promise of Dollar Bank to indemnify the taxpayer, for whatever that promise might be worth; (2) the individual guarantee of the Directors of Dollar Bank; and (3) subrogation to whatever rights the depositors or their creditors of Dollar Bank would have had against the stockholders of that Bank on their statutory liability as such stockholders. There is no liability from Dollar Bank or the other guarantors to the taxpayer until it appears that the assets turned over to the taxpayer are insufficient to meet the obligations it undertook under the agreement of November 18, 1929. Nor can this be a bad debt until such deficit, if and when it appears, fails to be met by any of the persons enumerated who

---

[1] Internal Revenue Code § 23(k) (1), as amended by 56 Stat. 820 (1942), 58 Stat. 35 (1944), 26 U.S.C.A. Int.Rev. Code, § 23(k) (1); U.S.Treas.Reg. 103, § 19.23(k)–1(c).

are liable in some capacity to pay it. We see no escape from the conclusion that the determination of the Tax Court is correct.

The decision of the Tax Court is affirmed.